Peterson v. Fleming.

## Hattie E. Peterson v. Patrick H. Fleming.

1. EQUITY—*Jurisdiction Where the Remedy at Law is Incomplete.*— A court of equity is the proper forum for the enforcement of agreements where the remedy at law is incomplete or inadequate, or can only be had through a multiplicity of suits.

2. SAME—*Jurisdiction to Enforce a Contract for the Payment of Alimony.*—Courts of equity have jurisdiction to entertain bills to enforce compliance with the terms of a contract to pay alimony at a stated sum at stated periods.

**Bill for Relief.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed March 31, 1896.

### STATEMENT OF THE CASE.

This is a proceeding by writ of error to reverse a decree of the Circuit Court sustaining a general demurrer to the bill of complaint, filed by the plaintiff in error against the defendant in error, and dismissing the bill for want of equity.

The bill alleged the marriage of the parties in August, 1890, and a subsequent divorce by decree of the Circuit Court on February 26, 1892, granted in favor of the plaintiff in error upon her bill for that purpose; that by said decree it was found that the defendant in error had been guilty of adultery as charged; that the complainant therein (the plaintiff in error here) be allowed to resume her maiden name of Hattie E. Peterson; that the defendant therein (the defendant in error here), pay to said complainant the sum of $125 a month, as alimony; that subsequent to the

entering of said decree and on the next day, an agreement in writing was entered into between the said parties, which agreement, omitting attestation clause, signatures and seals, was as follows:

"This agreement, made and entered into this 27th day of February, A. D. 1892, by and between Patrick H. Fleming, of Chicago, Cook county, Illinois, party of the first part, and Hattie Elizabeth Peterson, formerly wife of said Fleming, of the same place of residence, party of the second part, witnesseth, that

Whereas, at the February term of the Circuit Court of Cook County, Illinois, on the chancery side thereof, in the suit numbered 98,207, in which Hattie Elizabeth Fleming, now Hattie Elizabeth Peterson, party of the second part herein, was complainant, and said Patrick H. Fleming, party of the first part herein, was defendant, a decree of divorce, and for alimony, was entered in favor of said second party; and

Whereas, it is understood and agreed by the parties hereto, that the party of the first part is to pay to the party of the second part as a permanent alimony under said decree one hundred and twenty-five ($125) dollars per month, payable quarterly in advance at the office of M. R. Freshwaters, Chicago, Illinois, commencing on the 1st day of March, 1892, and continuing until said Hattie Elizabeth Peterson, said second party, shall decease, or until she shall again marry, or in writing consent to a reconveyance of certain property below described, which is offered and accepted as security for such monthly payments, or shall receive a conveyance in fee simple of said real estate below described, in full satisfaction and settlement of all claims and demands against the party of the first part.

Now, therefore, in consideration of one dollar ($1) in hand paid to the party of the first part, the receipt of which is hereby acknowledged, and in further consideration of the full satisfaction and discharge of record of the decree for alimony against said party of the first part in the suit above referred to, the party of the first part hereby agrees and

binds himself to pay to the party of the second part one hundred and twenty-five ($125) dollars per month, payable quarterly in advance, on the first day of each third month succeeding the date hereof, until said party of the second part shall decease, or shall again marry, or shall release the party of the first part from such payment in writing, according to the terms of a certain trust deed bearing even date herewith, under the terms of which John C. Richberg, of Chicago, Cook county, Illinois, is appointed trustee of certain real estate below described.

The payment of said sum of money is secured by the conveyance of certain real estate situated in the city of Chicago, Cook county, Illinois, and described as follows: Lots thirty-five (35) and thirty-six (36) north, range thirteen (13) east of the third principal meridian; also lot fifteen (15), in sub-block 1 of block forty (40), in the Canal Trustees' subdivision of the west half, and west half of the northeast quarter of section seventeen (17), township thirty-nine (39) north, range fourteen (14) east of the third (3d) principal meridian; all the above described property being in Cook county, Illinois. Under the terms of which trust, upon default of payment for a period of fifteen (15) days of the sums herein agreed to be paid, said trustee is authorized and empowered, on demand being made in writing to him or to his successor in trust, to convey the title in fee simple to said party of the second part, and in the event of such conveyance being made to the party of the second part in fee simple, then and in that event such conveyance shall be considered in full satisfaction and discharge of said payments of one hundred and twenty-five dollars ($125) per month and such payments shall thereupon cease."

The bill also alleged, that in pursuance of said agreement, contemporaneous therewith, and as part and parcel thereof, and for the purpose of securing the payment of said annuity or permanent alimony in accordance with the terms of said contract, as the same should become due, a deed of trust was duly executed, acknowledged and delivered by Johanna Fleming and Edward Fleming, her hus-

band, and the trust therein and thereby created, was duly accepted by John C. Richberg, the trustee named in said trust deed, by an instrument in writing and under seal, which said deed of trust and acceptance thereof, omitting the attestation clauses, signatures, seals and certificates of acknowledgment in each, were and are as follows:

"This indenture witnesseth, that the grantors, Johanna Fleming and Edward Fleming, her husband, of the city of Chicago, Cook county, Illinois, for and in consideration of the sum of one dollar ($1), and other good and valuable considerations, the receipt of all which is hereby acknowledged, convey and warrant to John C. Richberg, of the city of Chicago, Cook county, Illinois, the following described real estate, to wit: Lots thirty-five (35) and thirty-six (36), in block forty (40), in a subdivision of the south half of section ten (10), township thirty-nine (39) north, range thirteen (13) east of the third principal meridian; also lot fifteen (15), in sub-block one (1), of block forty (40), in the Canal Trustees' subdivision of the west half, and west half of the northeast quarter of section seventeen (17), township thirty-nine (39) north, range fourteen (14) east of the third principal meridian; all the above being in Cook county, Illinois, situated in the city of Chicago, Cook county, Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State.

Whereas, on the 27th day of February, 1892, an agreement was entered into between Partick H. Fleming, of Chicago, Cook county, Illinois, and Hattie Elizabeth Peterson, formerly wife of said Patrick H. Fleming, for a good and valuable consideration, under the terms of which said agreement said Patrick H. Fleming agrees to pay said Hattie Elizabeth Peterson one hundred and twenty-five dollars ($125) per month, payable quarterly in advance as a permanent alimony, commencing on the 1st day of March, 1892, and continuing until said Elizabeth Peterson shall die, or until she shall again marry, or shall consent in writing to a reconveyance to the grantors herein of the real estate above described; and

Whereas, it is the intention and desire of the grantors herein to secure prompt payment of the sums of money to be paid by the said Patrick H. Fleming to Hattie Elizabeth Peterson as aforesaid, or in default being made from any cause in said payments to fully and wholly satisfy and discharge the claim of Hattie Elizabeth Peterson by the conveyance to her of the real estate above mentioned, as hereinafter provided, and for such purpose this conveyance is made in trust to said John C. Richberg (and in case of his death, removal, or inability to act, then Charles B. Moore, of Cook county, Illinois, is hereby appointed as his successor in trust), with the following powers and authority, to wit:

It is the intention and desire that the title in fee simple to the above described real estate shall be vested in said John C. Richberg, trustee, or his successor in trust, until the death of said Hattie Elizabeth Peterson, or until she shall again marry, or until such time as she may, in writing addressed to said trustee, request the conveyance of said real estate to said grantors, their heirs, administrators or assigns, unless as hereinafter provided and excepted.

The buildings on said premises above described shall be kept in good order and repair, and in tenantable condition, and be kept insured in the name of said trustee, or as his interest may appear, for the full insurance value thereof in one or more responsible fire insurance company or companies represented by the board of underwriters of Chicago, Illinois, and in the event of the destruction by fire of any building or buildings on said premises, the same are to be repaired or rebuilt or replaced with buildings on said premises of an equal value to those now upon said premises to the extent of such insurance money received.

All taxes and assessments that may be levied against such property, or any part thereof, shall be promptly paid, and if not paid when due, then the trustee is hereby authorized to collect a sufficient amount of the rents arising out of said premises to pay such insurance, taxes and assessments.

In the event of said monthly amounts of money are paid

to said Hattie Elizabeth Peterson until she shall decease, or until she shall again marry, or until she shall direct the reconveyance of said real estate as herein specified, then upon the happening of either of these events, the trustee herein shall reconvey said real estate to the said Johanna Fleming, her heirs, assigns or legal representatives, free from all claims, right, title and interest of said Hattie Elizabeth Peterson, it being understood that the benefits arising from said agreement and under this trust deed to said Hattie Elizabeth Peterson shall be personal to her and shall not inure to the benefit of her heirs or assigns.

In the event of default, however, in the payment of said monthly installments of money agreed to be paid by said Patrick H. Fleming, for a period of fifteen (15) days after the same become due by the terms of said agreement, then at the option of said Hattie Elizabeth Peterson, on demand made by her in writing to said trustee, John C. Richberg, or his successor in trust, for the conveyance to her in fee simple by a special warranty deed to all of said above described real estate, with all rents and appurtenances thereunto belonging, the said trustee or his successor, or his successor in trust, is authorized, directed, and is hereby specially empowered upon such demand in writing, to convey to Hattie Elizabeth Peterson as aforesaid, all of said real estate herein above described, the same to be for her sole use and separate estate, and such conveyance so made shall be in full satisfaction of her said claim of one hundred and twenty-five dollars ($125) per month against Patrick H. Fleming, and said payments shall thereafter be discontinued, and upon said conveyance as aforesaid being made to said Hattie Elizabeth Peterson, she shall thereafter become entitled to the full use and benefit of said premises in fee simple, and upon said conveyance being made by said trustee he shall be fully released and discharged from said trust, and said trust shall thereupon cease."

"Know all men by these presents, that I, John C. Richberg, of Chicago, Cook county, Illinois, in consideration of one dollar ($1) to me in hand paid, the receipt of which is

hereby acknowledged, being the same person designated in the above and foregoing conveyance made by Johanna Fleming and Edward Fleming, her husband, dated February 27, 1892, whereby certain real estate therein designated is conveyed to me in trust; do hereby accept said trust and the duties and obligations therein and thereby imposed upon me, and agree to faithfully discharge the duties of said trust according to the provisions of said trust deed hereinabove set forth."

Said bill further alleged that said trust deed and said acceptance were duly recorded in the recorder's office of Cook county, Illinois; that from the date of said contract and said trust deed, said permanent alimony of one hundred and twenty-five dollars ($125) per month has been paid in sums of three hundred and seventy-five dollars ($375) each quarter until the payment due upon the first day of June, 1895.

That in the month of May, 1895, the said defendant expressed to complainant his wish to effect a settlement of said annuity by paying to complainant a lump sum, but that the offer made by said defendant was so wholly inadequate and so low in comparison with the true value of complainant's rights that such offer was declined; that on the 1st day of June, 1895, a quarterly installment of said annuity or permanent alimony, being $375, became due and payable from the defendant, Patrick H. Fleming, to complainant; that payment has been demanded, but that defendant has refused to pay same or any part thereof, and complainant charges the fact to be that the defendant, knowing complainant to be in poor health, and wholly dependent upon the payment due by way of permanent alimony from said defendant, and being desirous of forcing complainant to accept in lieu of said permanent alimony a sum of money or other property wholly insufficient and much less in amount or value than the value of complainant's said annuity, has refused to make the payment due thereon, in order to take advantage of the necessities of complainant, and thereby force her to agree to such unfair and inadequate terms of settlement as defendant may choose to dictate; that the real estate de-

scribed in said trust deed is scant and insufficient security for the payment of said permanent alimony or annuity; that complainant is advised the present value of said annuity is about the sum of $28,000 to $29,000; that the value of said real estate is not over about $7,000.

Said bill prays that an account may be taken of the amount due and unpaid upon said annuity, and that the same be ascertained; that the defendant be decreed to pay to complainant the amount of said annuity or permanent alimony as may, on such accounting, be found due and unpaid to complainant, and that the defendant, Patrick H. Fleming, be ordered and decreed to pay to complainant hereafter the quarterly installments of said annuity or permanent alimony as the same become due and payable, in accordance with the terms of said contract, and bill prays, in addition, for general relief.

COLIN C. H. FYFFE, attorney for plaintiff in error.

A bill will lie which seeks specifically to enforce a contract for the payment of an annuity. The proper relief to be granted is for the payment of arrears due and unpaid, and that defendant be required to pay the future installments as they come due, in accordance with the terms of the instrument creating the annuity.    1 Am. & Eng. Ency. of Law, 598, sub-tit. Annuity; 2 Story's Equity Jur. (13th Ed.), 41; Marshall v. Thompson, 18 Munf. (Va.), 412; Swift v. Swift, 3 Ir. Eq. Reports, 267; Manley v. Hawkins, 1 Drury & Walsh, 363; Cupit v. Jackson, 13 Price, 721; Clifford v. Turrell, 1 Younge & Collyer, 138; Keenan v. Handley, 2 De G. J. & S. 282; Carbery v. Weston, 1 Bro. Cas. in Parl. 429; Herbert v. Earl of Powis, Id. 355; Cooke v. Wiggins, 10 Ves., Jr., 191; Bower v. Cooper, 2 Hare, 408.

JOHN C. RICHBERG, attorney for defendant in error, contended that a party has no such standing in equity as will enforce the payment of money on a contract; the remedy is at law.   C. & N. W. R. R. Co. v. Nichols, 57 Ill. 464.

Equity has no jurisdiction on a bill for relief (without a

prayer for discovery) on a contract on which the plaintiff has a remedy at law, or, of a suit by a legatee to recover a debt which he took by bequest, or where mere confidence has been reposed or credit given. Doyle v. Murphy, 22 Ill. 502; Thomas v. Caldwell, 50 Ill. 138.

When the contract is a personal contract between the parties as individuals, the remedy is adequate at law. Werden v. Graham, 107 Ill. 169.

In all cases of doubtful character parties should be remitted to whatever remedy they have at law although equity might entertain jurisdiction. Wing v. Sherer, 77 Ill. 200; confirmed in Hacker v. Barton, 84 Ill. 313; Anderson v. Chilson et al., 65 N. W. Rep. 435.

Where a court of law has jurisdiction the complainant must show that the case falls within some exception to the rule. Douglas v. Martin, 103 Ill. 25.

Mr. Justice Shepard delivered the opinion of the Court.

The question as presented by the record, is whether the bill made a case for equitable jurisdiction.

The agreement provides for the payment by the defendant in error of the sum of $125 a month, payable quarterly in advance, and it would seem that the law governing in cases of personal annuities is applicable. Undoubtedly the plaintiff in error might, on the recurrence of each successive quarter, sue at law for the amount due to her under the contract, but to require her so to do would be to multiply suits at the rate of four each year, and involve her in great expense and harassment, and would be a most ineffectual and inadequate remedy for her.

Or she might perhaps have a remedy at law by a suit to recover in a lump sum the present value of the annuity, if it may be so termed, but there would be much difficulty in determining what that value is. There are two contingencies upon which her right to receive the payments may terminate, one death, the other re-marriage.

The expectancy of her life might be reasonably calculated by resort to annuity or life tables, but how about the other contingency of re-marriage?

There being no exhibit in the record that tends to inform us upon matters that might well enter into the calculations of a jury in determining so delicate a question, with her before them as a witness, we refrain from anything more than a suggestion of its difficulties.

Another, and perhaps more important objection to requiring the plaintiff in error to resort to a suit at law for the recovery in a single sum of the present value of the annuity agreed to be paid her, is that it would be in effect to compel her to accept an entirely different contract from the one she had agreed to.

These two methods for a remedy at law, and their incompleteness, are forcibly commented upon in Swift v. Swift, 3 Irish Equity Rep. 267, which was the case of a bill filed for the specific performance of an agreement to pay an annuity in quarterly installments, and in principle is a case in point.

All reasons that operate to confer jurisdiction in equity, in cases where the remedy at law is incomplete or inadequate, or can only be had through a multiplicity of suits, seem to unite in favor of a court of equity being the proper forum for the enforcement of the agreement in question.

The fact that security was given for the payments provided for in no way interferes with the enforcement in other ways of the terms of the contract.

The decree of the Circuit Court is reversed and the cause remanded.